BENJAMIN CURTIS *vs.* FIRST CONGREGATIONAL SOCIETY IN QUINCY.

The owner of a pew in the meeting-house of a religious society applied to the society, under the Gen. Sts. *c.* 30, § 41, to purchase the pew; appraisers were appointed, but failed to agree; and although they made no written report, it was known to the pew owner and the society that they had so failed. During ten years succeeding this application, he and members of his family occupied the pew from time to time, but never let it or otherwise exercised any ownership over it, and the society never exercised any act of ownership over it, or interfered with his possession. *Held,* that these facts were sufficient evidence of an intention to abandon the application for a purchase.

BILL IN EQUITY to restrain the defendants from selling the plaintiff's pew in their meeting-house for taxes. Hearing before *Morton,* J., who made a report of the case for the determination of the full court, of which the material parts were substantially as follows:

The defendants' meeting-house was erected before 1845; and in 1859 they voted to assess $1000 on the pews for the support of public worship. This vote, for reasons not necessary to state, the defendants contended was not effectual as a vote to avail themselves of the Gen. Sts. *c.* 30, §§ 39–41.* From 1859 to and in-

---

* " SECTION 39. Corporations for religious purposes may assess upon the pews, in a church or meeting-house which they have erected or procured for public worship since the twenty-fifth day of March eighteen hundred and forty-five, according to a valuation of said pews which shall first be agreed upon and recorded by the clerk, sums of money for the support of public worship and other parochial charges, and for the repairs of the house. Such assessments may be collected in the manner provided in sections thirty-two and thirty-three.

" SECTION 40. A corporation, which had erected or procured such house prior to the twenty-fifth day of March eighteen hundred and forty-five, may avail itself of the provisions of the preceding section, if the consent of all the

cluding 1869 the defendants assessed taxes upon the pews for the support of public worship.

In 1859 the plaintiff, who owned a pew in the meeting-house, applied to the defendants to purchase it at the appraised value, and three appraisers were appointed within one year from the vote passed to assess the pews in 1859. The appraisers met, both before and after the expiration of the year, but could not agree upon the value of the pew, and have not met or consulted since 1860. They made no written report of a failure to agree, but their failure was known at the time to both parties. Since his application to purchase, the plaintiff and members of his family have occupied the pew from time to time, but have never let it or otherwise exercised any ownership over it. The defendants have never exercised any act of ownership over the pew, or interfered with the possession of the plaintiff in the same.

In 1869, the defendants, by a vote reciting that doubts had arisen whether the proceedings intended to enable them to avail themselves of the Gen. Sts. *c.* 30, § 39, were sufficient in law, resolved that "the society will avail itself of said § 39." In 1870, the defendants assessed a tax upon the pews for the support of public worship, and threatened to sell the plaintiff's pew for nonpayment of this tax.

*E. Avery & E. C. Bumpus,* for the plaintiff.

*J. Q. Adams,* ( *W. Colburn* with him,) for the defendants.

COLT, J. The plaintiff denies the legality of the tax assessed by the defendant society for the year 1870 upon the pew which he claims to own. He insists that under the action of the parish in 1859, had for the purpose of enabling it to tax the pews under the provisions of the statute, his application then made for the

---

pew owners is obtained, or two thirds of the members present and voting at a regular meeting called for that purpose so determine.

" SECTION 41. A religious society, which votes to avail itself of the provisions of section thirty-nine, shall, upon the application of a person owning one or more pews in its house, within one year after said vote, purchase the same at the appraised value. Such appraisal shall be made by three disinterested persons who may be chosen, one by the pew owner, one by the society, and the third by the two persons thus chosen."

purchase of his pew by the society, so long at least as the purchase remained incomplete, prevented the society from acquiring any right to tax that pew. Gen. Sts. *c.* 30, §§ 39, 40.

Assuming, without deciding, that the proceedings of 1859 were legally effective in accomplishing the end proposed, as claimed by the plaintiff, yet there are reasons disclosed in the case at bar which preclude him from having the relief he seeks. As the option is with the pewholder to compel the parish to purchase, so it is in his option, after application has been made and proceedings towards a purchase commenced, to abandon those proceedings and continue his ownership of the property. For more than ten years the plaintiff took no steps by application, either to the parish or to the appraisers, to cause the purchase of his pew to be completed. No attempt was made to agree upon new appraisers. No default is shown on the part of the parish. The parish never exercised any ownership over the pew, or interfered with the possession of the plaintiff, who with his family has occupied it from time to time since his application. There is abundant evidence in this of the plaintiff's intention to abandon his application and continue the ownership of the pew, subject, of course, to all future taxation.

The tax of 1870 is therefore legal, whether we rely on the proceedings of 1869, or those of 1859, for the authority of the society to impose it.

The question of the jurisdiction of this court as a court of equity over this case was not argued and is not passed upon.

*Bill dismissed, with costs.*